ans

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMAL R. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| v.  ) | Case No. 03-3092-JAR |
| ) | |
| CHARLES SIMMONS et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Petition for a Writ of Habeas Corpus (Doc.1) seeking federal habeas relief from a state conviction, pursuant to 28 U.S.C. § 2254. After considering the parties' submissions, the Court is prepared to rule. The Petition shall be denied because Petitioner Jamal R. Williams procedurally defaulted his ineffective assistance of counsel claims and failed to show that his constitutional rights were violated by the state court's upward departure sentence.

**BACKGROUND**

For purposes of this Petition for relief, the facts of Williams's conviction need not be recited. Williams was found guilty of one count of aggravated battery on June 6, 1996, following a jury trial. On August 28, 1996, he was sentenced to a term of 250 months imprisonment based on an upward departure. Williams directly appealed his conviction to the Kansas Court of Appeals, arguing that his statutory and constitutional speedy trial rights were violated. The Kansas Court of Appeals affirmed

the conviction;[1] and in September 1998, the Kansas Supreme Court denied a petition for review.

Williams has filed four petitions for post conviction relief in state court pursuant to K.S.A. § 60-1507. For purposes of this review, the Court will only discuss the arguments Williams raised in these petitions that pertain to his federal habeas petition–ineffective assistance of counsel and upward departure sentencing. In his first 60-1507 motion, Williams argued he was denied effective assistance of appellate counsel because counsel failed to address two issues that would have strengthened his case. The state district court denied his motion, finding counsel was not deficient for not raising issues that were without merit. Williams did not appeal this ruling.

Williams filed a second 60-1507 motion alleging that: (1) his trial counsel was ineffective for failing to object to certain jury instructions and the verdict form; and (2) his appellate counsel was ineffective for failing to raise these issues on appeal and for failing to raise ineffective assistance of trial counsel. The district court denied relief, stating Williams's pleading constituted an abuse of remedy; and the Kansas Court of Appeals affirmed.[2] Williams did not seek review by the Kansas Supreme Court.

Williams filed a Motion to Correct Illegal Sentence and a third 60-1507 petition in state district court, both alleging that his upward departure sentence violated the holding in *Apprendi v. New Jersey*.[3] The court held in both cases that *Apprendi* applied to the Kansas Sentencing Guidelines

---

[1] *State v. Williams*, No. 77,866 (Kan. Ct. App. July 24, 1998).

[2] *Williams v. State*, No. 84,845 (Kan. Ct. App. July 27, 2001).

[3] 530 U.S. 466 (2000).

based on *State v. Gould*,[4] but that the holdings did not apply retroactively to cases such as Williams's. Williams appealed from the denial of his motion to correct sentence. The Kansas Supreme Court affirmed.[5]

In his fourth 60-1507 petition, Williams again argued that he received ineffective assistance of appellate counsel because counsel did not file a supplemental brief alleging an additional two issues on appeal. This was dismissed by the district court as abuse of remedy. Williams then filed this action for federal habeas relief. Subsequent to the federal habeas filing, the Kansas Court of Appeals affirmed the denial of his fourth 60-1507 petition, agreeing with the district court's denial of the claim as an abuse of remedy.[6] The Kansas Supreme Court denied review.

**STANDARD**

Because Williams "filed his habeas petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this [proceeding]."[7] The AEDPA "'circumscribes a federal habeas court's review of a state-court decision.'"[8] Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on any claim adjudicated in state court, unless the adjudication:

---

[4] 23 P.3d 801 (Kan. 2001).

[5] *State v. Williams*, No. 81, 905 (Kan. July 27, 2001).

[6] *Williams v. State*, No. 98,976 (Kan. Ct. App. Feb. 20, 2004).

[7] *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997)).

[8] *Anderson v. Mullin*, 327 F.3d 1148, 1152 (10th Cir. 2003) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003)).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.

A state court's decision is "contrary to" an established federal law if the state court reaches a different result than the Supreme Court would when presented with facts that are ". . . materially indistinguishable from a relevant Supreme Court precedent" or if the state court "applies a rule that contradicts the governing law" set forth in Supreme Court cases.[9] A decision is an "unreasonable application" of clearly established federal law if a "state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case."[10] Unreasonable application of facts includes an unreasonable extension of a principle, or an unreasonable refusal to extend a principle to the facts at hand.[11] The courts are to employ an objective standard in determining what is unreasonable.[12]

Although unreasonable determinations of fact are a second basis for a writ, a state court's determination of a factual issue shall be presumed to be correct. The petitioner has the burden of rebutting this presumption by clear and convincing evidence.[13] "This presumption does not extend to

---

[9] *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

[10] *Id.* at 413.

[11] *Id.* at 407.

[12] *Id.* at 409.

[13] *Martinez*, 330 F.3d at 1262 (explaining that a state court's determination of a factual issue is presumed to be correct and petitioner has burden of rebutting this presumption by clear and convincing evidence); *Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002).

legal determinations or to mixed questions of law and fact."[14]  "That is, the 'deferential standard of review does not apply if the state court employed the wrong legal standard in deciding the merits of the federal issue.'"[15]  "Ultimately, our review of the state court's proceedings is quite limited, as section 2254(d) sets forth a highly deferential standard for evaluating state-court rulings."[16]

## ANALYSIS

### Ineffective Assistance of Trial and Appellate Counsel

In his federal habeas petition, Williams claims ineffective assistance of both trial and appellate counsel.  Respondent argues that this Court cannot review Williams's ineffective assistance of counsel claims because Williams procedurally defaulted the claims in state court.  The procedural default doctrine precludes federal habeas review of a federal claim that a state court has declined to consider due to the petitioner's noncompliance with state procedural rules.[17]  The state court's decision only bars federal habeas review if the last state court to hear the petition denied it on independent and adequate state law grounds.[18]  However, federal courts can review a procedurally defaulted claim if the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of

---

[14]*Martinez*, 330 F.3d at 1262 (citing *Herrera v. Lemaster*, 225 F.3d 1176, 1178-79 (10th Cir. 2000)).

[15]*Id.* (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)).

[16]*Anderson*, 327 F.3d at 1152 (internal citations omitted).

[17]*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[18]*Id.* at 729-30.

justice."[19]

The last state court to hear Williams's ineffective assistance of trial and appellate counsel claims denied the claims on independent and adequate state law grounds. The Kansas Court of Appeals affirmed the district court's rulings, stating the court properly denied the motions as an abuse of remedy because Williams failed to raise the claims in his first 60-1507 motion and no exceptional circumstances existed to justify review of the claims. This is "independent" because the court relied exclusively on Kansas law and procedure, rather than federal law.[20] The abuse of remedy doctrine is also "adequate" because it is firmly established and regularly followed in Kansas.[21] Kansas courts routinely find abuse of remedy when successive 60-1507 petitions are filed unless exceptional circumstances exist.[22]

Although federal habeas review of the claims could take place if cause and prejudice exist to excuse Williams's default or if review is necessary to prevent a fundamental miscarriage of justice,[23] Williams argues neither theory. Williams cannot show cause for his default because there was no external factor to prevent him from presenting these claims before the state court in his first 60-1507 motion.[24] Williams does not argue actual prejudice, but even if he could make a showing of prejudice,

---

[19]*Id*. at 750.

[20]*Anderson v. Attorney Gen. of State of Kansas,* 342 F.3d 1140, 1143 (10th Cir. 2003) (citing *English v. Cody,* 146 F.3d 1257, 1259 (10th Cir.1998)).

[21]*Id.* (quoting *Walker v. Attorney Gen. for State of Oklahoma,* 167 F.3d 1339, 1344 (10th Cir. 1999)).

[22]*See e.g., Woodberry v. State*, 101 P.3d 727, 730 (Kan. Ct. App. 2004); *Brooks v. State*, 966 P.2d 686, 688 (Kan. Ct. App. 1998); *Walker v. State*, 530 P.2d 1235, 1238 (Kan. Ct. App. 1975).

[23]*See Hawkins v. Mullin*, 291 F.3d 658, 670 (10th Cir. 2002) (citing *Coleman*, 501 U.S. at 750).

[24]*Coleman*, 501 U.S. at 753 (explaining that "'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him . . . .").

both cause and prejudice are required to overcome a procedural default.[25]  There is also no miscarriage of justice requiring the Court to review the claim.  A miscarriage of justice exists when the error complained of probably resulted in the conviction of an innocent person.[26]  To establish actual innocence, Williams must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."[27]  There is evidence in this case on which reasonable jurors could have convicted Williams; therefore, he has not demonstrated the existence of a fundamental miscarriage of justice.  Williams's ineffective assistance of counsel claims are procedurally barred from this Court's review.

**Upward Departure**

Williams argues that the state court's application of an upward departure, raising his sentence above the statutory maximum for the crime he was convicted of, was unconstitutional in light of the holding in *Apprendi v. New Jersey*.[28]  But Williams's direct appeal was concluded in 1998, two years before the *Apprendi* decision.  And, *Apprendi* does not apply retroactively to habeas petitions.[29]  "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."[30]  Because *Apprendi* does not apply to cases on collateral review, imposition of an

---

[25]*Smith v. Murray*, 477 U.S. 527, 533 (1986).

[26]*Bousley v. United States*, 523 U.S. 614, 623 (1998).

[27]*Id.* at 327-28 (internal quotations omitted).

[28]530 U.S. 466 (2000).

[29]*United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002).

[30]*Tyler v. Cain*, 533 U.S. 656, 663 (2001); *see also Browning v. United States*, 241 F.3d 1262, 1264 (10th Cir. 2001) (en banc) ("a rule is 'made retroactive' by the Supreme Court only if the Supreme Court actually applies the rule retroactively, or makes some explicit statement regarding retroactivity").

upward departure in sentencing was neither contrary to, nor an unreasonable application of clearly established federal law.  Thus, habeas relief on this ground is also not warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that the Petition for a Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS SO ORDERED.**

Dated this  4th    day of February 2005.

       **S/ Julie A. Robinson**
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE